# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

DOUGLAS M. JACKSON, #01771771,  §
          Petitioner,  §
            §
v.  §        CIVIL NO. 3:16-CV-3060-C-BK
            §
LORIE DAVIS, Director, TDCJ-CID,  §
          Respondent.  §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed in this case was referred to the United States magistrate judge for proposed findings of fact and a recommendation for the disposition. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

## I. BACKGROUND

In 2012, Petitioner was convicted of burglary of a habitation and sentenced to 35 years' imprisonment. *State v. Jackson*, No. F11-14835 (291st Jud. Dist. Ct., Dallas Cty., Tex., Feb. 23, 2012), *aff'd* No. 05-12-00411-CR, 2013 WL 3553790 (Tex. App. -- Dallas, July 11, 2013, no pet.). In July 2014, Petitioner unsuccessfully sought state habeas relief. *Ex parte Jackson*, No. WR-82,839-01 (Tex. Crim. App. Mar. 4, 2015).[1] On October 27, 2016, Petitioner filed this federal habeas petition, raising claims of ineffective assistance of counsel.[2] Doc. 1. As his

---

[1] The online docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-82,839-01&coa=coscca (last visited May 10, 2017).

[2] The federal petition is deemed filed on October 19, 2016, the date on which Petitioner certified signing and placing it in the prison mail system. *See* Doc. 1 at 10; Rule 3(d) of the Rules

federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period, which he has done.  Doc. 14.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

### A. One-Year Statute of Limitations

Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final on Monday, August 12, 2013 -- 30 days after the court of appeals affirmed his judgment of conviction on July 11, 2013.  *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006) (conviction final 30 days after judgment was affirmed because no PDR).  Thus, as of the filing of his state habeas application on July 7, 2014,

---

Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

The federal petition was initially filed in the United States District Court for the Eastern District of Texas and, thereafter, transferred to this Court.  Doc. 5.

330 days of the one-year limitations period had elapsed.[3]  The state application remained

pending until its denial on March 4, 2015, statutorily tolling the one-year limitations period

during its pendency.  28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of

properly filed state application).  The one-year period resumed running the next day, on March 5,

2015, and expired 35 days later on April 9, 2015, more than 18 months before the federal petition

was filed on October 19, 2016.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable here.

Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not

base his claims on any new constitutional right, and the facts supporting his claims became or

could have become known prior to the date on which his conviction became final.

Consequently, the federal petition is clearly barred by limitations absent equitable tolling.

### B.  Equitable Tolling

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do

not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner

must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."); *see also Menominee Indian Tribe

of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016).  Unexplained delays do

---

[3] The state application is deemed filed on July 7, 2014, the date on which Petitioner signed it and
likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579
(5th Cir. 2013) (holding prison mailbox rule applies to state habeas application); *see also Ex
parte Jackson*, No. W1114835A, *Application for Writ of Habeas Corpus* (291st Jud. Dist. Ct.,
Dallas Cty., Tex., filed July 29, 2014), available at http://courtecom.dallascounty.org/pav/ (last
visited May 10, 2017).

not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Moreover, "[e]quitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

      In the instant case, Petitioner did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He squandered most of the one-year period, waiting 330 days after his conviction first became final on August 12, 2013, before he filed his state habeas application on July 7, 2014. A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence); *see also Schmitt v. Zeller*, 354 F. App'x 950, 952 (5th Cir. 2009) (leaving only two months to act once state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was not diligent); *Hudson v. Quarterman*, 332 F. App'x 209, 210 (5th Cir. 2009) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence). Leaving little margin for error, as Petitioner did in this case when he delayed filing his state application, is not cautious and, clearly, not diligent. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (relying *inter alia* on seven-month delay in filing state application in denying equitable tolling even though petitioner did not receive timely notice of the denial of his state habeas petition).

In his response, Petitioner asserts for the first time that the court of appeals failed to send him a "white card" notifying him of the decision affirming his conviction on direct appeal.[4] Doc. 14 at 1. He states, "I took it upon myself after waiting a long period of time to write the court of appeals to find out why I never received an answer to my direct appeal [and] they told me that they made a mistake to not send me an answer." Doc. 14 at 1-2. However, his assertion is self-serving, unsworn, and completely unsupported. It is also belied by the record which reveals that on July 11, 2013, in accordance with Texas Rules of Appellate Procedure, the court of appeals notified appellate counsel Deborah Farris that a decision had been issued. *See* TEX. R. APP. P. 48.1 and 48.2; *Jackson v. State*, No. 05-12-00411-CR, *July 11, 2013 Letter*.[5] Petitioner does not contend that Ms. Farris failed to send him a copy of the appellate decision, *see* TEX. R. APP. P. 48.4, or that he tried to contact her to inquire about the status of his appeal. *See O'Veal v. Davis*, 664 F. App'x 355, 357 (5th Cir. Oct. 2016) (holding prisoner was not diligent because he failed to contact appellate counsel about the status of his appeal, and noting the petitioner cited no "authority suggesting that an attorney's failure to notify a defendant of the status of his case rises to the level of an extraordinary circumstance that prevents the defendant from timely filing a federal habeas petition").

Moreover, while Petitioner claims the Texas Court of Criminal Appeals (TCCA) subsequently delayed in notifying him of the denial of his state habeas application, Doc. 1 at 9,

---

[4] In the petition, in response to a question about its timeliness, Petitioner had mentioned only the delay in receiving notice from the Texas Court of Criminal Appeals' of the denial of his state habeas application, and mentioned no delay in receiving the decision of the state court of appeals affirming his conviction. Doc. 1 at 9.

[5] The docket sheet and letter are available at http://www.search.txcourts.gov/Case.aspx?cn=05-12-00411-CR&coa=coa05 (last accessed May 10, 2017).

the record confirms Petitioner's late receipt of notice was due to his failure to inform the TCCA of his change of address. *See Ex parte Jackson*, No. WR-82,839-01, Mar. 23, 2015 docket entry (copy of postcard reflecting it was refused and returned to sender because Petitioner was not confined at the Michael Unit), and June 2, 2016 court clerk's response to Petitioner's letter (advising that Petitioner should keep the court informed of his change of address and noting the state application had been denied on March 4, 2015).[6] The TCCA promptly responded to Petitioner's status request on June 2, 2016. *Id.* Thus, there was no "state created delay" in this case warranting equitable tolling. *See Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (although *pro se* petitioner "suffered a significant state-created delay when the TCCA failed in its legal duty to inform him that his petition had been denied," petitioner diligently pursued federal habeas relief by inquiring about his case, the TCCA failed to respond to his requests for information, and he filed his federal petition within seven days of learning that the TCCA had denied his state petition).

That notwithstanding, Petitioner's delay of more than 15 months after the TCCA first received his state habeas application before he first inquired about its status also does not exemplify reasonable due diligence. Having failed to inform the TCCA of his new address and with just over one month remaining on the limitations period, Petitioner should have inquired sooner about the status of his state application. *See Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) (finding failure to inquire sooner a balancing circumstance to determine whether inmate was diligent and, thus, entitled to equitable tolling); *Stroman*, 603 F.3d at 302 (denying

---

[6] The docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-82,839-01&coa=coscca (last accessed May 10, 2017).

equitable tolling because petitioner waited first 10 and then 18 months to seek a status inquiry and had delayed seven months to file his state application); *Schmitt v. Zeller*, 354 F. App'x 950, 952-53 (5th Cir. 2009) (affirming denial of equitable tolling where the petitioner, having only two months to act once the state habeas proceedings concluded, waited to inquire into the status of his state application for 18 months, which was a year after the denial of relief had actually been entered, and then delayed another 50 days between learning of the denial of the state application and the filing of his federal petition).

As further evidence that Petitioner did not demonstrate the kind of reasonable diligence required for equitable tolling, he waited more than four months after the TCCA's June 2, 2016 letter confirming the denial of his state habeas application before filing this federal petition. *See Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (to show reasonable diligence for purposes of equitable tolling, the petitioner must "demonstrate that he quickly pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application."); *cf. Hardy*, 577 F.3d at 600 (finding diligence where petitioner filed his federal petition within three days of learning that the TCCA had denied his state petition).

Lastly, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### C. Actual Innocence

In his response, Petitioner also claims that he is "totally innocent." Doc. 14 at 3. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013). It is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner's actual innocence claim is conclusory, and he presents no newly discovered evidence that would undermine this Court's confidence in the jury's guilty verdict. Doc. 14 at 3. *See Perkins*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329) (a petitioner presents a credible claim of actual innocence by producing new evidence that is sufficient to persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt"). Instead, he references his habeas petition, which raises only claims of ineffective assistance of counsel at trial and on appeal. Doc. 14 at 3. Thus, the "actual

innocence" exception is not applicable in this case, and Petitioner's federal petition should be dismissed as time barred.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SIGNED** May 31, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE